# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREA DERKS FAGAN, *et al.*,

    Plaintiffs,

vs.

LAWRENCE NATHAN ASSOCIATES, INC.,

    Defendant.

Case No. 2:13-cv-01748-RCJ-CWH

**ORDER**

    This matter is before the Court on Plaintiffs' Motion for Entry of an Order Compelling Lawrence Nathan Associates, Inc. to Appear for a Judgment Debtor Examination and Produce Documents (#10), filed on November 26, 2013.

## BACKGROUND

    On September 23, 2013, Plaintiff filed their first motion for an order compelling a judgment debtor examination and production of documents (#2). The Court found the motion moot and instructed Plaintiffs that if they re-filed the motion, then they should submit a proposed date 21 days in the future and not direct that the U.S. Marshal's Office accomplish service. *See* Order #6. In this motion, Plaintiffs again request an order scheduling a judgment debtor examination of an authorized representative of Defendant on January 8, 2014 at 10:00 a.m. at the law offices of Alverson, Taylor, Mortense & Sanders, 7401 West Charleston Boulevard, Las Vegas, Nevada. Additionally, Plaintiffs request that the U.S. Marshal's Office accomplish service, the order be issued ex parte, and the Court order the production of documents.

## DISCUSSION

**A.    Judgment Debtor Examinations**

    Nevada Revised Statute (NRS) 21.270.1(b) provides that a judgment creditor, at any time after the judgment is entered, is "entitled to an order from the judge of the court requiring the

judgment debtor to appear and answer upon oath or affirmation concerning his or her property." Such an examination may occur before the judge or master appointed by the judge or an attorney representing the judgment creditor. *Id.* NRS 21.270 further provides that "[n]o judgment debtor may be required to appear outside the county in which he resides."

The Court agrees that the requested judgment debtor examination is authorized under the aforementioned law. However, the Court finds that Plaintiffs were not specific enough as to who should appear for the judgment debtor exam. Accordingly, the Court will order a judgment debtor examination of the person most knowledgeable for Defendant Lawrence Nathan Associates, Inc. Further, the Court finds that Plaintiffs have not provided sufficient good cause for this order to be issued ex parte. Also, the Court denies Plaintiffs request for the Marshal's Office to accomplish service. Plaintiff must accomplish service.

**B.     Discovery**

Federal Rule of Civil Procedure 69 permits a judgment creditor to obtain post-judgment discovery pursuant to either the procedures set forth under the law of the state where the court is located or a federal statute. Fed. R. Civ. Pro. 69(a); *see also Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents."). The scope of post-judgment discovery is broad; the judgment-creditor is permitted to make a broad inquiry to discover any hidden or concealed assets of a judgment-debtor. *See 1st Technology, LLC v. Rational Enterprises, LTDA*, *et al.*, 2007 WL 5596692 *4 (D. Nev. Nov. 13, 2007) (citation omitted) (allowing post-judgment discovery to gain information relating to the existence or transfer of the judgment debtor's assets). Further, in aid obtaining information about a judgment debtor's assets "[w]itnesses may be required to appear and testify before the judge or master conducting any proceeding under this chapter in the same manner as upon the trial of an issue." *See* NRS 21.310.

The Court finds that there is good cause for the requested discovery because it is tailored to identify assets that can be used to satisfy the judgment in this case. The Court notes that discovery requests must conform to the Federal Rule or "the procedure of the state where the court is

2

located." Fed. R. Civ. P. 69(a)(2).  Accordingly, Plaintiffs should propound the requests for production of documents in accordance with Federal Rule of Civil Procedure 34 along with their request that the documents be produced at the examination.  The Court finds that it is not necessary at this time to issue an order compelling Defendant to produce the requested discovery as it has not failed to comply with discovery requests.  As a result, the Court will deny Plaintiffs' request with respect to the motion to produce documents, without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of an Order Compelling Lawrence Nathan Associates, Inc. to Appear for a Judgment Debtor Examination and Produce Documents (#10) is **granted in part, denied in part, and denied in part without prejudice**.

**IT IS FURTHER ORDERED** that the Judgment Debtor Person Most Knowledgeable for Lawrence Nathan Associates, Inc. shall appear at Alverson, Taylor, Mortense & Sanders, 7401 West Charleston Boulevard, Las Vegas, Nevada, on January 8, 2014 at 10:00 A.M, to testify under oath concerning its assets and property.

**IT IS FURTHER ORDERED** that the Judgment Debtor shall not dispose of any property not exempt from execution prior to the examination.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of this order upon the Judgment Debtor Person Most Knowledgeable for Lawrence Nathan Associates, Inc. at least **fourteen (14)** calendar days before the examination.  Failure to appear may subject the judgment debtor to punishment for contempt of court.

DATED this 2nd day of December, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**