**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREA DERKS FAGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:13-cv-01748-RFB-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LAWRENCE NATHAN ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiffs' Ex Parte Motion to Compel Judgment Debtor to Furnish Information and Documents (doc. # 19), filed on December 15, 2014.

**BACKGROUND**

On September 23, 2013, Plaintiffs filed their first motion for an order compelling a judgment debtor exam and production of documents. See Doc. # 2. The Court found the motion moot and instructed Plaintiffs that if they re-filed the motion, then they should submit a proposed date 21 days in the future and not direct the U.S. Marshal's Office to accomplish service. See Doc. # 6. On November 26, 2014, Plaintiffs renewed their motion, which this Court granted in part and denied in part. See Doc. # 10; Doc. # 11. Specifically, the Court granted Plaintiffs' request for a judgment debtor exam, with the Court directing Defendant to produce a person most knowledgeable to represent Defendant at the exam. See Doc. # 11. However, the Court again denied Plaintiffs' request for the U.S. Marshal's Office to effect service, along with Plaintiffs' request for production of documents under Federal Rule of Civil Procedure 34. Id. Thereafter, in lieu of proceeding with the judgment debtor exam ordered by this Court, the parties decided to forego the exam and, instead, engaged in private negotiations and separate procedures. See Doc. # 19 at 4. Meanwhile, the Court, unaware of these developments, ordered the parties to file a written status report, apprising the Court of the status of this action. See Doc. # 16. Plaintiffs, on October 30, 2014, filed a status report requesting

additional time, an opportunity to file another written status report, and for the Court to refrain from making a recommendation to the district judge to close the instant case. See Doc. # 17. This Court granted Plaintiffs' request to file a second status report and directed Plaintiffs to do so no later than December 15, 2014. See Doc. # 18. In lieu of a status report, however, Plaintiffs filed the instant ex parte motion. See Doc. # 19. Thereafter, the Court issued an order determining that it would not consider the instant motion on an ex parte basis, and allowing Defendant an opportunity to respond. Defendant did not file a response.

## DISCUSSION

In the instant motion, Plaintiffs ask the Court to enforce the contents of correspondence exchanged between the parties adopting separate procedures in lieu of the judgment debtor exam ordered by this Court. In essence, Plaintiffs seek to compel Defendant to furnish information and documents, and to execute, date, and deliver a Judgment Debtor questionnaire designed by Plaintiffs. Alternatively, Plaintiffs ask the Court to require Defendant to appear before this Court to show cause why the relief requested, or any other relief, should not be granted to Plaintiffs.

After reviewing Plaintiffs' ex parte motion, along with the entire record in this case, the Court denies Plaintiffs' request. In doing so, the Court first notes that Plaintiffs agreed to forego the judgment debtor exam and, instead, to engage in separate procedures by correspondence that this Court neither granted nor ordered. Now, Plaintiffs ask this Court to intervene in order to enforce the contents of private letters and emails exchanged between the parties, which this Court has no authority to do. Significantly, this Court finds that there is nothing to compel in the instant case because Plaintiff has not presented this Court with any discovery requests.[1] Moreover, the Court finds that Plaintiffs fail to cite any authority showing they are entitled to the requested relief.

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion to Compel Judgment Debtor to Furnish Information and Documents (doc. # 19) is **denied**.

DATED: January 6, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] Ordinarily, the Court could grant unopposed discovery motions under Local Rule 7-2(d).